**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000446
12-JUN-2013
08:30 AM**

NO. CAAP-12-0000446

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWMBS, INC.,
CHL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-12,
Plaintiffs-Appellees,
v.
ARNA LAHELA JOHNSON, JOHN DOES 1-50, AND JANE DOES 1-50,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC10-1-10634)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J. and Reifurth, J.,
with Ginoza, J., concurring separately)

Defendant-Appellant Arna Lahela Johnson appeals from
the order entered April 5, 2012 in the District Court of the
First Circuit[1] (district court) denying "Defendants Arna Lahela
Johnson And Geralyn Lapitan Camarillo's Motion to Vacate All
Orders And For Summary Judgment For Lack of Subject Matter
Jurisdiction." In this ejectment action, the district court
found in favor of Plaintiff-Appellee The Bank of New York Mellon
FKA The Bank of New York As Trustee For the Certificateholders

---

[1] The Honorable Hilary Benson Gangnes presided.

CWMBS, Inc., CHL Mortgage Pass-Through Certificates Series 2006-12 and against Johnson.

In summary, Johnson contends the district court erred in failing to conclude that the question of title raised by Johnson divested the district court of subject matter jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Johnson's appeal is without merit.

Johnson contends the district court failed to dismiss the action for lack of subject matter jurisdiction where Johnson identified a question of title to the property. Under Hawaii Revised Statutes § 604-5(d) (Supp. 2012), "district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes into question[.]" When a defendant seeks to assert a question of title as a defense, the defendant must raise the defense in a written answer or motion and attach an affidavit that describes the "source, nature, and extent of the title claimed by defendant[.]" District Court Rules of Civil Procedure Rule 12.1.

Johnson submitted an affidavit with her written motion, however, the affidavit failed to identify any question of title. In her affidavit, Johnson claimed a title issue arose when a fraud perpetuated by the Bank of America caused her to send mortgage payments to the incorrect entity. In Deutsche Bank Nat. Trust Co. v. Peelua, 126 Hawai'i 32, 34, 265 P.3d 1128, 1130 (2011), a respondent in a foreclosure proceeding filed a motion to dismiss for lack of subject matter jurisdiction. The respondent filed an affidavit claiming that a question of title arose from allegedly fraudulent transactions committed by the foreclosing mortgagor. Id. at 38, 265 P.3d at 1134. The Supreme Court of Hawai'i found the respondent's assertions conclusory and

deemed respondent's affidavit insufficient to establish any question of title. Id. This is the case here.

Furthermore, the district court did not abuse its discretion in denying Johnson's Hawai'i Rules of Civil Procedure Rule 60(b) motion based on the affidavit of Teri L. Pettit. Johnson's motion failed to demonstrate due diligence in the discovery of the evidence set forth in the Pettit affidavit. Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 259-60, 948 P.2d 1055, 1100-01 (1997).

Therefore,

IT IS HEREBY ORDERED that the order entered April 5, 2012 in the District Court of the First Circuit denying "Defendants Arna Lahela Johnson And Geralyn Lapitan Camarillo's Motion to Vacate All Orders And For Summary Judgment For Lack of Subject Matter Jurisdiction" is affirmed.

DATED: Honolulu, Hawai'i, June 12, 2013.

On the briefs:

R. Steven Geshell
for Defendants-Appellants.

Charles R. Prather
Sofia Hirosane McGuire
Blue Kaanehe
(RCO Hawaii)
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge